IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ROY KEOUGH                                                                                          PETITIONER
Reg #03078-029

V.                              CASE NO. 2:18-cv-00042 JTK

GENE BEASLEY, *Warden*,
Federal Correctional Complex-Forrest City                                        RESPONDENT

## MEMORANDUM AND ORDER

This matter is before the undersigned United States Magistrate Judge on the petition of federal prisoner Roy Keough for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Docket Entry #1) Petitioner's federal sentence derives from a guilty plea for possession with intent to distribute methamphetamine out of the United States District Court for the Northern District of Iowa, Central Division. *United States v. Roy James Keough*, Case No. CR 10-3029 MWB. Keough now brings this § 2241 action, arguing he was erroneously convicted under 21 U.S.C. §§ 851 and 802(44) and subjected to a ten-year mandatory minimum sentence based on a non-qualifying State of Iowa drug offense.

Having reviewed the petition and arguments of the parties, the Court finds that Keough had not met his burden of showing he is entitled to relief pursuant to § 2241. Therefore, his petition lacks merit, and all relief requested is denied, and the petition dismissed.

### Procedural History

On August 18, 2010, the United States District Court for the Northern District of Iowa,

---

[1] The parties consented to the jurisdiction of the U.S. Magistrate Judge on June 14, 2018 (Docket Entry #9).

Central Division, indicted Roy James Keough on one count of possession with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 851. *United States v. Roy James Keough*, Case No. CR 10-3029 MWB. (Docket Entry #10-1) Keough was notified of the Government's intent to seek enhanced penalties, pursuant to 21 U.S.C. § 851, based on his prior State of Iowa felony drug offenses. (Docket Entry #10-2)

On October 13, 2010, Keough entered a plea of guilty to count one of the indictment. (Docket Entry #10-4) Defense counsel and the prosecution both sought a downward departure for Keough prior to sentencing, and the Court granted both motions. On March 21, 2011, the Court sentenced Keough to 190 months in the Bureau of Prisons and 8 years of supervised release. (Docket Entry #10-5) Keough did not appeal.

On December 19, 2011, Keough filed a pro se 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, claiming his counsel was ineffective by failing to challenge the prosecutions's notice of intent to seek a sentencing enhancement based on his prior drug felony convictions. *Keough v. United States*, 2014 WL 414228 (N.D. Iowa, Feb. 4, 2014). The government's notice to seek a sentence enhancement contained the correct charge and date but incorrectly identified one of Keough's State of Iowa felony drug charges as one involving crack cocaine instead of methamphetamine. The notice otherwise correctly identified Keough's prior felonies however. Keough claimed the notice was defective because it listed the wrong drug. The Court denied § 2255 relief, finding that the notice "gave Keough full knowledge that the prosecution intended to rely on his prior drug felony convictions to enhance his sentence." *Keough v. United States,* 2014 WL 414228, at *8. Therefore, the Court found Keough could not

demonstrate his counsel's representation fell below the wide range of reasonable professional assistance by not objecting, or that, but for counsel's failure to object, the result would have been different. *Id.* Keough did not appeal the denial of § 2255 relief.

Keough now files the instant petition alleging that his sentence was unlawfully enhanced because the prosecution did not prove, and the sentencing court did not make a finding, that any of his prior Iowa state felonies qualified as felony drug offenses.[2] He relies on *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *Descamps v. United States*, 133 S. Ct. 2276 (2013) to support his argument.[3]

For the reasons discussed below, the petition is denied and dismissed.

Discussion

A federal prisoner seeking to collaterally attack his conviction or sentence ordinarily must file a motion to vacate in the trial court under § 2255 and not a habeas petition in the district of incarceration under § 2241. *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal courts lack jurisdiction over § 2241 petitions challenging the validity of a federal conviction or sentence unless the prisoner can affirmatively demonstrate that the remedy provided by § 2255 is "inadequate or ineffective" to

---

[2]The three prior State of Iowa offenses were: (1) November 1999 conviction for possession of a Schedule II controlled substance with intent to deliver; (2) January 2001 conviction for possession with intent to manufacture a controlled substance; and (3) February 2006 conviction for failure to affix controlled substance tax stamp.

[3]In *Mathis v. United States*, the United States Supreme Court explained the proper procedure for determining when a defendant's prior state court conviction could be used as a predicate offense under the Armed Career Criminal Act. In *Descamps v. United States*, the United States Supreme Court clarified standards for evaluating potential prior offenses under the Armed Career Criminal Act.

test the legality of his detention. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986). This exception is sometimes called the "savings clause," *see Abdullah*, 392 F.3d 959, because, when it applies, it can save a habeas petition from being dismissed under § 2255(e)'s exclusive remedy rule. Importantly, it is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective. *United States v. Lurie*, 207 F.3d 1075, 1078 (8th Cir. 2000).

The savings clause provides a very "limited grant of jurisdiction." *Williams v. Warden*, 713 F.3d 1332, 1340 (11th Cir. 2013). To establish that § 2255 is inadequate or ineffective in a particular case, "there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959. Moreover, "§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred." *Abdullah*, 392 F.3d at 959. Additionally, "[a] prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could have been or actually was raised in the § 2255 motion filed in the sentencing district." *Hill*, 349 F.3d at 1092 (8th Cir. 2003) (citing *United States v. Lurie*, 207 F.3d at 1077-1078). Cases from other circuits have used varying tests indicating that a petitioner must show "at a bare minimum, that [his or] her claims are based on a retroactively applicable Supreme Court decision that has announced a new rule of law, one that was not available at the time of trial, direct appeal, or a first § 2255 motion." *Kyles v. U.S.*, 2015 WL 1782607 *2 (D. Minn. 2015) (citing *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1343 (11th Cir. 2013); *Reyes-Requena v. U.S.*, 243 F.3d 893, 904 (5th Cir. 2001); *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)).

Keough did not argue on appeal or in his § 2255 motion that his prior Iowa state

convictions do not qualify as felony drug offense; nor does he explain why they do not qualify. *Decampes* and *Mathis* provide Keough no support as neither is relevant to determining whether his prior Iowa state convictions are felony drug convictions for purposes of sentencing enhancement. In any event, Keough could have made the argument that his prior state drug convictions did not qualify as felony drug offenses prior to sentencing, at sentencing, on appeal or in his § 2255 motion, but he did not. His failure to present this argument previously forecloses him from making it now as a basis for a § 2241 petition. *See Hill*, 349 F.3d at 1092 (citing *Lurie*, 207 F.3d at 1077-1078) ("A prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could have been or was actually raised in the § 2255 motion filed in the sentencing district.").

Furthermore, the term "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotics, drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). At least two of Keough's Iowa convictions clearly qualify as felony drug offenses, and he has not shown that he is entitled to relief pursuant to § 2241.

## Conclusion

For the foregoing reasons, the Court concludes that relief pursuant to the § 2241 petition for writ of habeas corpus is not available to Keough. He has not shown that § 2255 is inadequate or ineffective to test the legality of his detention; thus, this Court lacks jurisdiction to consider his § 2241 petition. Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus, Docket Entry #1, is denied and dismissed without prejudice.

SO ORDERED this 16th day of January, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

6